UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CECIL WEST,

    Petitioner,

v.                                       CASE NO. 6:12-cv-1412-Orl-36GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions (Doc. No. 14). Petitioner filed a reply to the response (Doc. No. 18).

Petitioner alleges two claims for relief in his habeas petition, trial counsel was ineffective for (1) failing to inform him that his waiver of speedy trial in state court case number 08-31315 would carry over to state court case number 08-48707 and (2) failing to object and move for a mistrial when a police officer gave false testimony at trial. For the following reasons, the petition for writ of habeas corpus is denied.

I.    *Procedural History*

Petitioner was charged in state court case number 08-48707 with one count of home invasion robbery with a deadly weapon. The State filed notices of its intent to

seek a prisoner releasee reoffender or habitual felony offender sentence. After a jury trial, Petitioner was convicted of the lesser included offense of robbery with a weapon. The trial court sentenced Petitioner to a thirty-year term of imprisonment as a prison releasee reoffender. Petitioner appealed, and the Fifth District Court of Appeal affirmed. *West v. State*, 34 So. 3d 781 (Fla. 5th DCA 2010).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. After filing an amended Rule 3.850 motion, the trial court summarily denied Petitioner's motions. On appeal, the Fifth District Court of Appeal affirmed *per curiam*.

## II. Legal Standards

### A. *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a

factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

  B. *Standard for Ineffective Assistance of Counsel*

  The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

  As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

> some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   Analysis

#### A.   Claim One

Petitioner alleges that trial counsel was ineffective for failing to inform him that his waiver of his right to speedy trial in state court case number 08-31315 would carry over to state court case number 08-48707, the case at bar (Doc. No. 1 at 5). In support of this claim, Petitioner contends that he signed a waiver of speedy trial in state court case number 08-31315 but never consented to waiving his speedy trial rights in the instant case (Doc. No. 1-1 at 4). Petitioner argues that counsel should have objected to the waiver of his speedy trial rights and moved for discharge on April 3, 2009 (Doc. No. 1-1 at 4; Doc. No. 18 at 4).

Petitioner raised this claim in his amended Rule 3.850 motion (App. G at 26). The trial court summarily denied the claim pursuant to *Strickland*, finding that it was refuted by the record because counsel waived Petitioner's speedy trial rights in case

number 08-48707 on November 13, 2008, when he requested a continuance. *Id.* at 45. The appellate court affirmed *per curiam*. *Id.* at 109.

The record reflects that Petitioner signed a written waiver of speedy trial in state court case number 08-31315 on August 14, 2008 (App. G at 116). State court case number 08-48707 does not contain a similar signed waiver of speedy trial (App. A at 35). However, the record does contain the state court minutes from the docket sounding held in state court case number 08-4870 on November 13, 2008. *Id.* at 36. The minutes reflect that Petitioner and his attorney were present and that Petitioner waived his right to speedy trial and counsel requested a continuance of the case. *Id.* Therefore, Petitioner was aware that he waived his speedy trial rights in this case. In light of the record evidence, the Court concludes that Petitioner has not demonstrated that counsel acted deficiently with regard to this matter. Accordingly, claim one is denied pursuant to § 2254(d).

### B.     *Claim Two*

Petitioner claims that trial counsel was ineffective for failing to object and move for a mistrial when the State elicited false testimony from Officer Moore (Doc. No. 1 at 7). Petitioner raised this claim in his amended Rule 3.850 motion (App. G at 38). The trial court denied the claim, finding that it had been raised, considered, and rejected on direct appeal. *Id.* at 47. The trial court concluded that Petitioner's claim was procedurally barred. *Id.* The Fifth District Court of Appeal affirmed *per curiam*. *Id.* at 109.

This Court will not consider a claim if it was presented to the state court and rejected on independent and adequate state grounds of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001). Although the trial court found that this claim was procedurally barred because it was raised on direct appeal, the Court concludes that this determination was in error. Appellate counsel did not raise the instant claim on direct appeal (App. F at 2). Therefore, the procedural bar was not adequate, and the Court will consider the merits of Petitioner's claim. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).

A conviction obtained through the knowing use of perjured testimony is fundamentally unfair and a violation of due process. *United States v. Bagley*, 473 U.S. 667, 677 (1985); *Giglio v. United States*, 405 U.S. 150 (1972). A petitioner can establish a violation by showing that "(1) the prosecutor 'knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony,' and (2) there is a reasonable probability that the perjured testimony could have affected the judgment." *United States v. Elso*, 364 F. App'x 595, 599 (11th Cir. 2010) (quoting *Davis v. Terry*, 465 F.3d 1249, 1253 (11th Cir. 2006)). A petitioner must show that (1) the statements were "actually" false, (2) the statements were material, and (3) the prosecution knew they were false. *Id.* "The use of testimony that is inconsistent with a witness's prior testimony or that of a codefendant does not suffice to show that the proffered testimony was false." *Id.* (citing *Hays v. Alabama*, 85 F.3d 1492, 1499 (11th Cir. 1996) and *United*

*States v. Michael*, 17 F.3d 1383 (11th Cir. 1994)).

Petitioner has not demonstrated that Officer Moore's testimony was false or that the prosecution knowingly presented false testimony. Upon review of the record, it appears that Officer Moore's trial testimony was merely inconsistent with the statements he made in the police report (App. B at 77-80). After refreshing his recollection, Officer Moore corrected his testimony. *Id.* Inconsistent statements do not rise to the level of perjury, and Petitioner has not demonstrated that perjured statements were made in this case. *See Duckett v. McDonough*, 701 F. Supp. 2d 1245, 1259 (M.D. Fla. 2010). Therefore, counsel's failure to object and move for a mistrial did not amount to deficient performance, nor did it result in prejudice. Accordingly, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S.

274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Cecil West (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 10 day of February, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 2/10
Cecil West
Counsel of Record